Nioholson, C. J.,
delivered the opinion of the court.
J. B. Cathel recovered a judgment against A. "W. Rose before a justice of the peace for $136, which was levied on a small tract of land, and returned to the Circuit Court. At the November Term, 1865, an order of condemnation was made, and on the 25th of January, 1866, the land was sold and purchased by Cathel. The land was redeemed by ■ successive judgment creditors, until defendant Thomas finally was the redeeming creditor; but Thomas received no sheriff’s deed until April, 1868. In tire meantime, on the 31st of August, 1867, A. W. Rose died, leaving Martha C. Rose, the complainant, his widow.
*535 Upon these facts complainant files her bill for dower. It is conceded by defendant Thomas’s counsel that the case of Harrell v. Harrell, 4 Col., 377, is conclusive of the cause; but it is earnestly insisted that the law was erroneously announced in that case, and we. are called upon to reconsider and reverse it.
In the case of Harrell v. Harrell the court held that “the levy and sale of a man’s land, and the payment of the purchase money, under an execution, by the sheriff, passes only the equitable title to the land. And if the man dies before the execution of a deed by the sheriff to the purchaser, he dies seized and possessed of the land, as contemplated by the provisions of the act of 1784, giving widows the right of dower; and the subsequent execution of the sheriff’s deed, after the death of the husband, can not, by relation, defeat the right of dower which had attached.”
It is well settled, by repeated decisions in our State, that the levy of an execution upon land does not divest the seizure of the owner; title by such levy is not vested in the sheriff The title continues in the owner, and the only effect of the levy is to create a specific lien in favor of the creditor whose execution is so levied.
It is now the established doctrine in our State, that if the owner of the land dies after levy on his land and before its sale by the sheriff, the widow’s right to dower attaches, and is superior to the specific lien of the creditor.
When the land so levied on has been sold by the sheriff, the purchaser is vested with an equitable title *536 only; the legal title remains in the execution debtor till the sheriff conveys it to the purchaser: Orutsinger v. Catron, 10 Hum., 24. Does the purchaser, who has bid off the land and paid his bid, stand in any better position to resist the widow’s right to dower than the execution creditor did before the sale? He has paid his money and thereby secured his right to have his equitable title perfected into a legal title. Nothing is left in the debt.or but the naked legal title, with the right for two years to re-purchase the land by paying the purchase money. In this situation, upon his death the legal title, coupled with the right of redemption, descends to his heirs. After the expiration of two years his right of redemption is gone, and he has nothing then but the naked legal title. The equitable title is in the purchaser who has paid the full price, either in money or in satisfaction of his debt. In such case, if the original owner of the land dies before the expiration of the two years, the naked legal title, with the right of redemption, descends to his Heirs; but if the land be not. redeemed within the two years, nothing is then left in the heirs but the naked legal title. If the owner dies after the expiration of the two years, then the naked legal title is vested in his heirs and the equitable title in the purchaser. This last named case is the one now under consideration.
In Harrell v. Harrell, 4 Col., 377, the court say:
“We are of opinion, therefore, that, by the levy, sale, and payment of the purchase money, an equitable title to the land only vested in the purchaser; and *537 under tbe liberal construction we are bound to give the act of 1784, the levy and sale of the lands in this case by the sheriff did not disseize the husband of the title; that he died seized and possessed of the land, as contemplated by the provisions of the act of 1784, giving the widow right to dower.”
According to the rule here laid down, the statute which declares a widow entitled to dower of all the lands of which her husband died “seized and possessed,” means that whenever the husband dies vested at the time with the legal title to land, his widow is entitled to dower. To sustain the authority of Harrell v. Harrell, we are bound to assume that the legal title and seizin are synonymous terms. Yet it has never been held that a trustee or mortgagee, in whom the legal title of land is vested for the use and benefit of others, is so seized as to entitle the widow of such trustee to dower upon his death, the legal title being in him at the time. Nor has it been held, that if the owner of land sell the same and retain the legal title, giving a bond for title,- the owner has such a seizin as will entitle his widow to dower against the purchaser who has paid the pui’-chase money and has the equitable title. These examples of the legal title importing something different from seizin, are too familiar to require the citation of authorities. They demonstrate that the term seizin, as used in the statute, means something more than the naked legal title.
It is said by Mr. Scribner in his work on Dower, p. 259, that “where the seizin of the husband is *538 for a transitory intent only, as where the same act which gives him the estate also conveys it out of him, or where he is the mere conduit employed to pass the title to a third person, no right of dower arises. Perhaps no principle of the law can be said to have become more firmly or thoroughly established than this.” He cites for this assertion 2 Blk. Com., 132; 6 Kent, 38; 1 Roper Husb, and Wife, by Jacob, 374; Park Dow., 43. He says, on p. 266, that “the rule of the common law is, that a beneficial seizin by the husband, for a single instant of time, is sufficient to clothe the wife with the right of dower.” And in our State, to entitle the widow to dower, the husband must have been beneficially seized at the time of his death. The naked legal title is not sufficient, but that title must be accompanied by a beneficial interest, and the husband must not hold the title merely as a conduit through whom the title is to be conveyed to the party having the beneficial interest. In' the language of this court, in the case of Williams v. Davidson, 3 Sneed, 316, he must be the owner of the land at the time of his death.
In the case before us we have shown that after the levy of the execution and sale of the land, the purchaser gets the equitable title, leaving in the debtor nothing but the naked legal title, with the equity of redemption. To that extent he is beneficially seized, and out of that his widow can claim dower, if he dies before the two years expire; but the equity of the purchaser who has bought and paid for the land, is superior to the widow’s dower right as to all but *539 tbe equity of redemption: Williams v. Davidson, 3 Sneed, 316. When the two years for redemption have expired, the debtor ceases to be anything more than the conduit through whom the legal title is to be communicated to the purchaser by operation of the sheriff’s deed, and the widow has no right to dower.
It follows that we are forced to overrule the case of Harrell v. Harrell, and to declare that the widow in the case before us is not entitled to dower.